UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Tonya Ahmed,

    Plaintiff,                              Hon. Robert J. Jonker

v.                                                Case No. 1:23-cv-418

State of Michigan, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    For the reasons articulated herein, the undersigned recommends that this action be dismissed without prejudice, pursuant to 28 U.S.C. § 636(b)(1)(B), for Plaintiff's failure to prosecute and failure to comply with the Court's orders.

    Plaintiff initiated this action on April 24, 2023, against the State of Michigan, St. Joseph County, the Michigan Municipal Risk Management Authority, and "all ['Judges'] of and for Centerville, MI." (ECF No. 1). Contemporaneous with the filing of her complaint, Plaintiff also moved the Court to "wave (sic) all fees and costs in this matter." (ECF No. 2).

    Plaintiff's motion to waive costs and fees was dismissed without prejudice because Plaintiff failed to properly support her motion. (ECF No. 6). Plaintiff was expressly ordered to either (1) submit a properly supported motion to proceed as a pauper or (2) pay

the civil filing fee no later than May 26, 2023. (*Id.*). Plaintiff was also expressly cautioned that if she "fails to file the application or pay the filing fee, then this action will be dismissed." (*Id.*). More than six weeks has passed since this deadline and Plaintiff has failed to comply with the Court's Order or otherwise prosecute her claims.

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint, or any particular claims therein. *See* Fed. R. Civ. P. 41(b).

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

Consideration of these factors leads the undersigned to recommend that Plaintiff's claims be dismissed without prejudice. Plaintiff's failure to comply with the Court's orders or otherwise prosecute her claims is willful and manifests bad faith. Plaintiff

was expressly warned that failure to comply with the Court's orders may result in dismissal of her claims. Finally, the undersigned finds that under the circumstances a lesser sanction is insufficient.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that this action be dismissed without prejudice for Plaintiff's failure to prosecute and failure to comply with the Court's orders.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Date: July 17, 2023                     /s/ Phillip J. Green
                                        PHILLIP J. GREEN
                                        United States Magistrate Judge